UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x

RYAN JAMES,

                          Plaintiff,

            -against-

THE CITY OF NEW YORK, COMMISSIONER
RAYMOND KELLY, DEPUTY INSPECTOR THOMAS
J. HARRIS, POLICE OFICER HAILYN OLIVERAS
SHIELD NO. 16967, POLICE OFFICER JASMIN
NIKOVEVIC SHIELD NO. 10577, POLICE OFFICERS
JOHN DOE #1-5,

                          Defendants.

-----------------------------------------------------------------------x

**ANSWER**

**07 CV 7107 (CM)**

JURY TRIAL DEMANDED

       Defendants City of New York and Commissioner Raymond Kelly by their attorney[1], Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege upon information and belief, as follows:

       1. Deny the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to bring this action as stated therein.

       2. Deny the allegations set forth in paragraph "2" of the complaint.

       3. Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff seeks the damages purported therein.

       4. Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to invoke pendent and supplementary jurisdiction of the Court as stated therein.

---

[1] Upon information and belief, Deputy Inspector Thomas J. Harris has not yet been served with process in this action.

5. Deny the allegations set forth in paragraph "5" of the complaint, except admit that plaintiff purports to proceed as stated therein.

6. Deny the allegations set forth in paragraph "6" of the complaint, except admit that plaintiff purports to base venue as stated therein.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8. Deny the allegations set forth in paragraph "2" of the complaint, except admit that the City of New York is a municipal corporation incorporated under the laws of the State of New York.

9. Deny the allegations set forth in paragraph "2" of the complaint, except admit that Raymond Kelly is the Commissioner of the New York City Police Department.

10. Deny the allegations set forth in paragraph "2" of the complaint, except admit the Thomas J. Harris is employed by the City of New York Police Department as a police officer.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

13. Deny the allegations set forth in paragraph "13" of the complaint, except admit a document purporting to be a notice of claim was received by the New York City Office of the Comptroller on or about June 20, 2006.

14. Deny the allegations set forth in paragraph "14" of the complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

16. Deny the allegations set forth in paragraph "16" of the complaint.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint, including all subparts therein.

20. In response to the allegations set forth in paragraph "20" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "19" of the complaint.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. In response to the allegations set forth in paragraph "23" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "22" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. In response to the allegations set forth in paragraph "31" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "30" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. Deny the allegations set forth in paragraph "33" of the complaint.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. In response to the allegations set forth in paragraph "35" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "34" of the complaint.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. In response to the allegations set forth in paragraph "40" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "39" of the complaint.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. Deny the allegations set forth in paragraph "42" of the complaint.

43. In response to the allegations set forth in paragraph "43" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "42" of the complaint.

44. Deny the allegations set forth in paragraph "44" of the complaint.

45. Deny the allegations set forth in paragraph "45" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

46.     The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

47.     Defendant City of New York has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

48.     Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or that of a third party and was not the proximate result of the defendants City of New York and Raymond Kelly.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

49.     Plaintiff cannot obtain punitive damages against the City of New York.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

50.     Defendant Raymond Kelly had no personal involvement in the incident alleged in the complaint.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

51.     At all times relevant to the acts alleged in the complaint, defendant City, its agents and officials, acted reasonably, properly, lawfully and in good faith in the exercise of their discretion.  Consequently, defendant City of New York and is entitled to governmental immunity.

### AS AND FOR A SEVNTH AFFIRMATIVE DEFENSE:

52.     Plaintiff provoked any incident.

**WHEREFORE,** defendants City of New York and Raymond Kelly request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:     New York, New York
            October 22, 2007

                                      MICHAEL A. CARDOZO
                                      Corporation Counsel of the
                                        City of New York
                                      Attorney for Defendant City of New York and
                                      Raymond Kelly
                                      100 Church Street, Room 3-209
                                      New York, New York 10007
                                      (212) 788-1096

                        By:       /s/                         
                                        SUMIT SUD (SS 2781)
                                        Assistant Corporation Counsel

cc:   Cynthia Conti-Cook, Esq.
      71 Nevins St.
      Brooklyn, New York 11217 (via ECF)

Index No. 07-CV-7107

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RYAN JAMES,

                                         Plaintiff,

-against-

THE CITY OF NEW YORK, COMMISSIONER RAYMOND KELLY, DEPUTY INSPECTOR THOMAS J. HARRIS, POLICE OFICER HAILYN OLIVERAS SHIELD NO. 16967, POLICE OFFICER JASMIN NIKOVEVIC SHIELD NO. 10577, POLICE OFFICERS JOHN DOE #1-5,

                                         Defendants.

**ANSWER**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
   *Attorney for Defendants City of New York and Raymond Kelly.*
*100 Church Street, Room 3-209*
*New York, N.Y. 10007*

*Of Counsel: Siumit Sud*
*Tel: (212) 788-1096*
*NYCLIS No. 2006-005949*

*Due and timely service is hereby admitted.*

*New York, N.Y. ...................................., 2007 ...*

*................................................................Esq.*

*Attorney for ..........................................................*

i