UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

RYAN JAMES,

                            Plaintiff,

            -against-

THE CITY OF NEW YORK, COMMISSIONER
RAYMOND KELLY, DEPUTY INSPECTOR THOMAS
J. HARRIS, POLICE OFICER HAILYN OLIVERAS
SHIELD NO. 16967, POLICE OFFICER JASMIN
NIKOVEVIC SHIELD NO. 10577, POLICE OFFICERS
JOHN DOE #1-5,

                            Defendants.

------------------------------------------------------------------------x

**ANSWER**

**07 CV 7107 (CM)**

JURY TRIAL DEMANDED

       Defendants Hailyn Oliveras and Jasmin Nikoveic by their attorney[1], Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege upon information and belief, as follows:

       1. Deny the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to bring this action as stated therein.

       2. Deny the allegations set forth in paragraph "2" of the complaint.

       3. Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to seek the damages as stated.

       4. Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to bring this action and to invoke pendent and supplementary jurisdiction of the Court as stated therein.

---

[1] Upon information and belief, Deputy Inspector Thomas J. Harris has not yet been served with process in this action. Further, defendants City of New York and Raymond Kelley served their answer in instant action, on or about, October 22, 2007.

5. Deny the allegations set forth in paragraph "5" of the complaint, except admit that plaintiff purports to proceed as stated therein.

6. Deny the allegations set forth in paragraph "6" of the complaint, except admit that plaintiff purports to base venue as stated therein.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8. Admit the allegations set forth in paragraph "8" of the complaint.

9. Deny the allegations set forth in paragraph "2" of the complaint, except admit that Raymond Kelly is the Commissioner of the New York City Police Department and that plaintiff purports to sue him as stated therein.

10. Deny the allegations set forth in paragraph "2" of the complaint, except admit the Thomas J. Harris is employed by the City of New York Police Department as an Inspector and that plaintiff purports to sue him as stated therein.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint.

12. Paragraph "12" of the complaint contains conclusions of law rather then averments of fact and accordingly requires no response. .

13. Deny the allegations set forth in paragraph "13" of the complaint, except admit a document purporting to be a notice of claim was received by the New York City Office of the Comptroller on or about June 20, 2006, and that the purported claim has not been settled. .

14. Deny the allegations set forth in paragraph "14" of the complaint.

15. Deny the allegations set forth in paragraph "15" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the use of chemical agent.

16. Deny the allegations set forth in paragraph "16" of the complaint.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint, including all subparts thereto.

20. In response to the allegations set forth in paragraph "20" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "19" inclusive of this answer, as if fully set forth herein.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. In response to the allegations set forth in paragraph "23" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "22" inclusive of this answer, as if fully set forth herein.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. In response to the allegations set forth in paragraph "31" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "30" inclusive of this answer, as if fully set forth herein.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. Deny the allegations set forth in paragraph "33" of the complaint.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. In response to the allegations set forth in paragraph "35" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "34" inclusive of this answer, as if fully set forth herein.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. In response to the allegations set forth in paragraph "40" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "39" inclusive of this answer, as if fully set forth herein.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. Deny the allegations set forth in paragraph "42" of the complaint.

43. In response to the allegations set forth in paragraph "43" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "42" inclusive of this answer, as if fully set forth herein.

44. Deny the allegations set forth in paragraph "44" of the complaint.

45. Deny the allegations set forth in paragraph "45" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

46. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

47. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

48. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or that of a third party and was not the proximate result of the defendants.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

49. Defendants have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

50. Plaintiff may have failed to comply with the conditions precedent to suit under State Law.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

51. At all times relevant to the incident defendants acted reasonably, in the proper, lawful exercise of their discretion.

### AS AND FOR A SEVNTH AFFIRMATIVE DEFENSE:

52. Plaintiff provoked any incident.

**AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE:**

53. Plaintiff claims may be barred in part by the applicable statute of limitations.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

54. There was probable cause for plaintiff's arrest, detention and prosecution.


**WHEREFORE**, defendants Hailyn Olivares and Jasmin Nikovevic request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:     New York, New York
           November 20, 2007

                               MICHAEL A. CARDOZO
                               Corporation Counsel of the
                                 City of New York
                               Attorney for Defendants City of New York,
                               Raymond Kelley, Hailyn Oliveras and Jasmin
                               Nikovevic
                               100 Church Street, Room 3-209
                               New York, New York 10007
                               (212) 788-1096

By: _____
      SUMIT SUD (SS 2781)
      Assistant Corporation Counsel


cc:  Cynthia Conti-Cook, Esq.
     Stoll, Glickman and Bellina
     71 Nevins St.
     Brooklyn, New York 11217 (via ECF)

Index No. 07 CV 7107 (CM)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RYAN JAMES,

                              Plaintiff,

-against-

THE CITY OF NEW YORK, COMMISSIONER RAYMOND KELLY, DEPUTY INSPECTOR THOMAS J. HARRIS, POLICE OFICER HAILYN OLIVERAS SHIELD NO. 16967, POLICE OFFICER JASMIN NIKOVEVIC SHIELD NO. 10577, POLICE OFFICERS JOHN DOE #1-5,

                              Defendants.

**ANSWER**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, New York 10007*

*Of Counsel: Sumit Sud*
*Tel: (212) 788-1096*
*NYCLIS No.*

*Due and timely service is hereby admitted.*

*New York, N.Y.*................................................................................, 200...

..................................................................................................... *Esq.*

*Attorney for*...............................................................................................