UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

RYAN JAMES,

                                    Plaintiff,

                  -against-

THE CITY OF NEW YORK, COMMISSIONER
RAYMOND KELLY, DEPUTY INSPECTOR THOMAS
J. HARRIS, POLICE OFICER HAILYN OLIVERAS
SHIELD NO. 16967, POLICE OFFICER JASMIN
NIKOVEVIC SHIELD NO. 10577, POLICE OFFICERS
JOHN DOE #1-5,

                                    Defendants.

------------------------------------------------------------------------x

**ANSWER**

**07 CV 7107 (CM)**

JURY TRIAL DEMANDED

      Defendant Thomas Harris by his attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for his answer to the complaint, respectfully alleges upon information and belief, as follows:

      1.  Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to bring this action as stated therein.

      2.  Denies the allegations set forth in paragraph "2" of the complaint.

      3.  Denies the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to seek the damages as stated.

      4.  Denies the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to bring this action and to invoke pendent and supplementary jurisdiction of the Court as stated therein.

      5.  Denies the allegations set forth in paragraph "5" of the complaint, except admit that plaintiff purports to proceed as stated therein.

6. Denies the allegations set forth in paragraph "6" of the complaint, except admits that plaintiff purports to base venue as stated therein.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8. Admits the allegations set forth in paragraph "8" of the complaint.

9. Denies the allegations set forth in paragraph "2" of the complaint, except admits that Raymond Kelly is the Commissioner of the New York City Police Department and that plaintiff purports to sue him as stated therein.

10. Denies the allegations set forth in paragraph "2" of the complaint, except admits the Thomas J. Harris is employed by the City of New York Police Department as an Inspector and that plaintiff purports to sue him as stated therein.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint.

12. Paragraph "12" of the complaint contains conclusions of law rather then averments of fact and accordingly requires no response. .

13. Denies the allegations set forth in paragraph "13" of the complaint, except admits a document purporting to be a notice of claim was received by the New York City Office of the Comptroller on or about June 20, 2006, and that the purported claim has not been settled.

14. Denies the allegations set forth in paragraph "14" of the complaint.

15. Denies the allegations set forth in paragraph "15" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the use of chemical agent.

16. Denies the allegations set forth in paragraph "16" of the complaint.

17. Denies the allegations set forth in paragraph "17" of the complaint.

18. Denies the allegations set forth in paragraph "18" of the complaint.

19. Denies the allegations set forth in paragraph "19" of the complaint, including all subparts thereto.

20. In response to the allegations set forth in paragraph "20" of the complaint, defendant repeats and realleges the responses set forth in paragraph "1" through "19" inclusive of his answer, as if fully set forth herein.

21. Denies the allegations set forth in paragraph "21" of the complaint.

22. Denies the allegations set forth in paragraph "22" of the complaint.

23. In response to the allegations set forth in paragraph "23" of the complaint, defendant repeats and realleges the responses set forth in paragraph "1" through "22" inclusive of his answer, as if fully set forth herein.

24. Denies the allegations set forth in paragraph "24" of the complaint.

25. Denies the allegations set forth in paragraph "25" of the complaint.

26. Denies the allegations set forth in paragraph "26" of the complaint.

27. Denies the allegations set forth in paragraph "27" of the complaint.

28. Denies the allegations set forth in paragraph "28" of the complaint.

29. Denies the allegations set forth in paragraph "29" of the complaint.

30. Denies the allegations set forth in paragraph "30" of the complaint.

31. In response to the allegations set forth in paragraph "31" of the complaint, defendant repeats and realleges the responses set forth in paragraph "1" through "30" inclusive of his answer, as if fully set forth herein.

32. Denies the allegations set forth in paragraph "32" of the complaint.

33. Denies the allegations set forth in paragraph "33" of the complaint.

34. Denies the allegations set forth in paragraph "34" of the complaint.

35. In response to the allegations set forth in paragraph "35" of the complaint, defendant repeats and realleges the responses set forth in paragraph "1" through "34" inclusive of his answer, as if fully set forth herein.

36. Denies the allegations set forth in paragraph "36" of the complaint.

37. Denies the allegations set forth in paragraph "37" of the complaint.

38. Denies the allegations set forth in paragraph "38" of the complaint.

39. Denies the allegations set forth in paragraph "39" of the complaint.

40. In response to the allegations set forth in paragraph "40" of the complaint, defendant repeats and realleges the responses set forth in paragraph "1" through "39" inclusive of his answer, as if fully set forth herein.

41. Denies the allegations set forth in paragraph "41" of the complaint.

42. Denies the allegations set forth in paragraph "42" of the complaint.

43. In response to the allegations set forth in paragraph "43" of the complaint, defendant repeats and realleges the responses set forth in paragraph "1" through "42" inclusive of his answer, as if fully set forth herein.

44. Denies the allegations set forth in paragraph "44" of the complaint.

45. Denies the allegations set forth in paragraph "45" of the complaint.


## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

46.     The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

47.    Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

48.    Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or that of a third party and was not the proximate result of the defendants.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

49.    Defendant has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

50.    Plaintiff may have failed to comply with the conditions precedent to suit under State Law.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

51.    At all times relevant to the incident defendant's acted reasonably, in the proper, lawful exercise of his discretion.

## AS AND FOR A SEVNTH AFFIRMATIVE DEFENSE:

52.    Plaintiff provoked any incident.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE:

53. Plaintiff claims may be barred in part by the applicable statute of limitations.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

54. There was probable cause for plaintiff's arrest, detention and prosecution.

**WHEREFORE,** defendant Thomas Harris requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
             December 6, 2007

                    MICHAEL A. CARDOZO
                    Corporation Counsel of the
                      City of New York
                    Attorney for Defendants City of New York,
                    Raymond Kelley, Hailyn Oliveras and Jasmin
                    Nikovevic and Harris
                    100 Church Street, Room 3-209
                    New York, New York 10007
                    (212) 788-1096

              By:    _____
                    SUMIT SUD (SS 2781)
                    Assistant Corporation Counsel

cc: Cynthia Conti-Cook, Esq.
     Stoll, Glickman and Bellina
     71 Nevins St.
     Brooklyn, New York 11217 (via ECF)

Index No. 07 CV 7107 (CM)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RYAN JAMES,

Plaintiff,

-against-

THE CITY OF NEW YORK, COMMISSIONER
RAYMOND KELLY, DEPUTY INSPECTOR
THOMAS J. HARRIS, POLICE OFICER HAILYN
OLIVERAS SHIELD NO. 16967, POLICE
OFFICER JASMIN NIKOVEVIC SHIELD NO.
10577, POLICE OFFICERS JOHN DOE #1-5,

Defendants.

## ANSWER

***MICHAEL A. CARDOZO***
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, New York 10007*

*Of Counsel: Sumit Sud*
*Tel: (212) 788-1096*
*NYCLIS No.*

*Due and timely service is hereby admitted.*

*New York, N.Y. ........................................................................., 200...*

*........................................................................... Esq.*

*Attorney for .........................................................................*